## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

TOBIE LEANN AIRINGTON,            )
                                  )
          Plaintiff,              )
                                  )
v.                                ) Case No. CIV-13-330-JHP-KEW
                                  )
CAROLYN W. COLVIN, Acting         )
Commissioner of Social            )
Security Administration,          )
                                  )
          Defendant.              )

## REPORT AND RECOMMENDATION

Plaintiff Tobie Leann Airington (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on September 15, 1974 and was 39 years old at the time of the ALJ's decision. Claimant completed her high school education and training as a licensed vocational (practical) nurse. Claimant has worked in the past as a licensed practical

3

nurse for a hospital and nursing home and as a jail nurse. Claimant alleges an inability to work beginning December 31, 2004 due to limitations resulting from a back injury.

## Procedural History

On August 30, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Glenn Neel ("ALJ") on December 18, 2008 in Paris, Texas. The ALJ issued an unfavorable decision on May 19, 2009. On December 15, 2010, the Appeals Council denied review.

Claimant appealed the decision to this Court. The ALJ's decision was reversed and the case was remanded to Defendant for further proceedings. On remand, ALJ Doug Gabbard, II conducted a video hearing on February 19, 2013 with Claimant appearing in Paris, Texas and the ALJ presiding in McAlester, Oklahoma. The ALJ issued an unfavorable decision on March 28, 2013. Claimant did not appeal to the Appeals Council. Through inaction, the decision became final for appellate purposes. 20 C.F.R. § 404.984.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform less than a full range of light work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly evaluate Claimant's fibromyalgia under the regulations; (2) finding Claimant retained the necessary cognitive skills to perform the demands of light, unskilled work; (3) performing a faulty credibility analysis of Claimant's subjective complaints of pain associated with fibromyalgia; and (4) omitting limitations from Claimant's asthma in his RFC determination.

**Evaluation of Claimant's Fibromyalgia**

In his decision, the ALJ determined Claimant suffered from the severe impairments of obesity, fibromyalgia, degenerative disc disease of the cervical and lumbar spine, and bipolar disorder. (Tr. 789). He concluded that Claimant retained the RFC to perform light work except that she could frequently climb, balance, kneel, and crawl and only occasionally stoop and crouch. She could perform unskilled work – defined as work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time – where supervision is simple, direct, and

5

concrete, interpersonal contact with supervisors and co-workers was incidental to the work performed such as assembly work, and she would have no contact with the general public. (Tr. 794). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of price marker and garment bagger, both of which the vocational expert testified existed in sufficient numbers in the regional and national economies. (Tr. 807). Based upon these findings, the ALJ concluded Claimant was not disabled from December 31, 2004 through the date of the decision. Id.

Claimant contends the ALJ failed to properly evaluate her fibromyalgia. The medical record indicates that beginning April 19, 2006, Dr. Jose A. Matus diagnosed Claimant with several conditions, including fibromyalgia. Dr. Matus diagnosed the condition by testing trigger points on Claimant throughout several visits in 2007 and 2008. (Tr. 696-700, 692-93, 689-90, 778-79, 775-76, 772-73, 770-71). On December 18, 2008, Dr. Matus completed a Medical Assessment of Ability to Do Work Related Activities (Physical) form on Claimant. He determined Claimant could sit for 3 hours in an 8 hour workday ("upright, not reclined"), stand for one hour in an 8 hour workday, and walk for less than one hour in an 8 hour workday. He found Claimant could not work at any level

even with a sit/stand alternating option. Dr. Matus estimated Claimant could occasionally lift items under 10 pounds, could not push/pull using arm controls, and could push with his feet "not excessively, occasionally items under 10 lbs." In his narrative statement, Dr. Matus opined

> Patient has a diagnosis of chronic pain syndrome secondary to fibromyalgia. She also has a history of bipolar disorder and anxiety. Patient is considered totally & permanently disabled.

(Tr. 769).

The ALJ gave Dr. Matus' opinion "little weight." This Court agrees with the ALJ that Dr. Matus' references to disability and inability to work touch on matters specifically reserved to the Commissioner and the ALJ was proper in rejecting these findings. The ALJ then proceeds to cite various objective testing related to Claimant's degenerative disc disease and the limited effect the condition had upon Claimant's functional assessment. (Tr. 803). However, the ALJ did not assess Claimant's fibromyalgia as tested and diagnosed by Dr. Matus under the controlling regulations.

The regulations acknowledge fibromyalgia as a legitimate medical condition, noting that its diagnosis can be found through (1) a history of widespread pain; and (2) a finding of at least 11 of 18 tender points on physical examination. Soc. Sec. R. 12-2P.

7

Claimant met the criteria on both fronts. The ALJ appears to have been attempting to apply the objective standards of other physical conditions and impairments to Claimant's asserted fibromyalgia condition. This was not proper under the regulations. On remand, the ALJ shall reassess Dr. Matus' opinions in light of his trigger point testing for fibromyalgia and the resulting finding of chronic pain syndrome. Thereafter, the ALJ shall determine the effect of these conditions upon Claimant's RFC and make any modifications to his findings which might be required.

**Evaluation of Claimant's Cognitive Abilities**

On February 9, 2007, Claimant underwent a mental status examination by Dr. Nicole B. Washington. She determined Claimant's concentration was decreased and she had trouble with concentration throughout the examination. Dr. Washington believed Claimant would continue to experience difficulty focusing and concentration. (Tr. 658-61).

On March 12, 2007, Dr. Dorothy Millican completed a Mental Residual Functional Capacity Assessment form on Claimant. She found Claimant was markedly limited in the areas of the ability to understand and remember detailed instructions and the ability to carry out detailed instructions. Dr. Millican determined Claimant was moderately limited in the areas of the ability to maintain

8

attention and concentration for extended periods and the ability to interact appropriately with the general public. (Tr. 663-64). In her narrative, Dr. Millican stated

> Claimant can understand, remember, and carry out simple one-and-two step instructions. She can relate appropriately to supervisors and co-workers but not the general public. She can adapt to changes in the workplace.

(Tr. 664).

In his decision, the ALJ gave Dr. Washington's opinion "great weight." He failed, however, to include any of Dr. Washington's concentration restrictions in his RFC assessment. Moreover, the ALJ gave Dr. Millican's opinion "great weight" but did not include the one-and-two step restriction in his RFC determination or explain why it was rejected. (Tr. 803). The ALJ must evaluate every medical opinion in the record. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ cannot selectively disregard portions of a medical professional's opinions while giving other portions great weight without providing specific and legitimate reasons for rejecting the disregarded portions. Haga v. Astrue, 482 F.3d 1205, 1207-09 (10th Cir. 2007). On remand, the ALJ shall re-evaluate the opinions of Dr. Washington and Dr. Millican, reassess their findings in formulating his RFC assessment, and

9

explain any rejected findings.

### Fibromyalgia Assessment

Claimant contends the ALJ improperly relied upon objective testing in evaluating her fibromyalgia when the diagnosis requires the assessment of largely subjective findings. This argument is simply a different side to the same contention regarding the use of Soc. Sec. 12-2p. This Court reiterates that the ALJ shall utilize the diagnostic techniques found in the regulations in assessing Claimant's fibromyalgia.

### Asthma Assessment

Claimant contends the ALJ should have considered her asthma as a non-severe impairment in determining her RFC. The ALJ acknowledged that Claimant had been diagnosed with asthma and received medication. (Tr. 790-91). In the subsequent steps, the ALJ must consider the combined effect of both severe and non-severe impairments. Soc. Sec. R. 96-8p. On remand, the ALJ shall consider whether further consideration should be given to Claimant's asthma in her RFC restrictions.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above

and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE